THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERI DEWOODY,

    Plaintiff,

    v.

PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign insurer licensed to conduct business in Washington state, and ROSEMARY HANSEN, an individual,

    Defendants.

CASE NO. 2:23-cv-01416-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. # 13. Defendant opposes the motion. Dkt. # 15. This motion may be decided without oral argument. *See* LCR 7(b)(4). For the reasons below, the Court **GRANTS** Plaintiff's motion.

ORDER- 1

## II. BACKGROUND

Washington resident Keri DeWoody ("Plaintiff") filed a complaint for damages against Progressive Direct Insurance Company ("Progressive" or "Defendant"), an Ohio-based insurer, and Washington-based claims adjuster Rosemary Hansen ("Hansen"). Dkt. 1-2 (Complaint). Plaintiff's complaint stems from an automobile collision with an underinsured motorist in December 2019. Dkt. # 1-2 ¶ 3.1. At the time of the accident, Plaintiff was insured by Progressive, and her policy provided for a $100,000 limit for underinsured motorist coverage. *Id.* ¶ 3.5. Plaintiff then filed a claim under her policy for bodily injury sustained in the accident. *Id.* ¶ 3.7. Progressive offered to settle Plaintiff's claim for $1,500, and then increased the offer to $10,000. *Id.* ¶ 3.10, 3.13. Plaintiff rebuffed both offers and alleges that Progressive failed to provide her the full amount of available underinsured motorist insurance coverage. *Id.* ¶ 3.15.

Plaintiff filed the instant matter in King County Superior Court in August 2023. Dkt. # 1-2. Plaintiff brings claims against Progressive for breach of its duties under the Insurance Fair Conduct Act (IFCA), RCW 48.30.010, breach of fiduciary duty under the Unfair Settlement Practices Act, WAC 284-30, breach of contract, breach of common law good faith duty, negligence, and violation of the Washington Consumer Protection Act (CPA), RCW 19.86. *Id.* ¶¶ 4.4-4.9. Plaintiff further asserts that Hansen violated her duties under IFCA and her duty of good faith under RCW 48.01.030.[1] *Id.* Plaintiff seeks $100,000 in benefits under the underinsured motorist provisions of her policy, treble damages, and attorney fees and costs. *Id.* ¶ 6.1-6.8. On September 12, 2023, Defendant filed its notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. Dkt. # 2. Defendant asserts that complete diversity exists amongst the parties because, while Hansen is a citizen of Washington, she has been fraudulently joined such that her citizenship should not be considered for the

---

[1] Plaintiff states that she will withdraw her IFCA claim against Hansen. Dkt. # 13 at 3.

ORDER- 2

purposes of determining diversity jurisdiction. *Id.* at 3. In October 2023, Plaintiff filed the instant motion to remand, seeking to have this matter remanded to King County Superior Court. Dkt. # 13.

### III. DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a civil action brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016). There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005); *Gaus*, 980 F.2d at 566. The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). Here, Rosemary Hansen's status as a defendant would normally defeat federal diversity jurisdiction. But Progressive argues that Hansen was fraudulently joined, and that her Washington citizenship must therefore be disregarded.

Fraudulent joinder may be established by: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Progressive must show, by clear and convincing evidence, that Hansen's joinder was fraudulent. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Due to the "general presumption against fraudulent joinder," Progressive must overcome a "heavy burden." *Hunter*, 582 F.3d at 1046 (quoting

*Hamilton Materials*, 494 F.3d at 1206)). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Hunter*, 582 F.3d at 1046. Here, Progressive makes several arguments in opposition to remand, and the Court will address each in turn.

### a.) Viability of Claims Against Insurance Adjuster

Progressive argues that Plaintiff's cause of action for bad faith against Hansen is not cognizable under Washington law. Dkt. # 15 at 5. Relying on the Washington Supreme Court decision *Keodalah v. Allstate Ins. Co.*, 194 Wn.2d 449 P.3d 1040 (2019) (en banc), Progressive asserts that Hansen, an insurance adjuster, cannot be held liable based on a theory of breach of good faith, because such a theory has been foreclosed by the recent Washington Supreme Court decision. Dkt. # 15 at 6. In *Keodalah*, the plaintiff sued both his insurer Allstate and Allstate's claims adjuster in connection with an underinsured motorist claim, alleging violations of IFCA, insurance bad faith, the CPA, and RCW 48.30. *Keodalah*, 194 Wn.2d at 342-3. The *Keodalah* trial court dismissed the claims adjuster from the case, and the court of appeals later reversed, holding that a statutory duty of good faith imposed by RCW 48.01.030 applied to individual adjusters and breach of that statutory duty could be a basis for a bad faith and CPA claim against the adjuster. *Id.* at 344. The Court addressed whether RCW 48.01.030, which imposes a statutory duty of good faith on insurers, provides a basis for an insured's bad faith and CPA claims against an employee claims adjuster. 194 Wn.2d at 341. Ultimately, the Court held that RCW 48.01.030 does not create an implied cause of action for insurance bad faith, and *per se* CPA claims based on violations of RCW 48.01.030 could not be asserted against employee insurance adjusters. *Id.* at 350-352.

However, Progressive's assertion that "a bad faith claim against an insurance adjuster is not viable under any circumstances," glosses over an important distinction evident from the Court's decision, and especially the dissenting opinion authored by

ORDER- 4

Justice Yu: that the plaintiff in *Keodalah* "raised both statutory and common law bad faith claims but… the majority failed to even acknowledge the [common law] claim." *Hoglund v. Allstate Insurance Company*, No. C23-1575, 2023 WL 8528495, at * 3 (W.D. Wash. Dec. 8, 2023). The majority opinion addressed the viability of the insured's *statutory* bad faith claim, and "did not foreclose the assertion of a common law bad faith claim or non-*per se* CPA claim against an individual employee insurance adjustor." *Xu v. Weis*, No. 2:22-cv-00118, 2023 WL 2142683, at *3 (W.D. Wash. Feb. 21, 2023). The majority's focus on the viability of statutory claims "is especially evident given that the court rooted its analysis in large part in the text of RCW 48.01.030 and WAC 284-30-330 as well as the history of RCW 48.01.030." *Hoglund*, 2023 WL 8528495, at *3.

The cases cited by Progressive do not convince the Court meant to foreclose common law bad faith claims against an adjuster. In *Wise v. Long*, No. 23-cv-05111, 2023 WL 2787223 (W.D. Wash. Apr. 5, 2023), the court concluded that the joinder of two adjusters in plaintiff's suit against GEICO was fraudulent because plaintiff maintained that she did not intend to seek any relief from the adjusters—only against GEICO, their employer. The court applied Rule 20, which provides that a person may be joined in a matter if any right to relief is asserted against them. Fed. R. Civ. P. 20(a)(2). *Id.* at *4. Based on plaintiff's representations that she would seek no relief from the adjusters, the court found that the adjusters should be dropped as defendants. *Id. Kolova v. Allstate Ins. Co.*, also cited by Progressive, does not address the distinction between statutory and common law bad faith insurance claims, likely because the parties in *Kolova* stipulated to the dismissal of the adjusters after the issuance of *Keodalah*. 438 F.Supp.3d 1192, 1195 (W.D. Wash. 2020).

Ninth Circuit precedent requires that Progressive establish that the complaint fails to state a cause of action against Hansen, and that the failure is "obvious" under the "well settled rules of the state." *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). Progressive cannot do this, because the case law on this issue is

clearly in flux throughout the state. *See* Dkt. # 17 at 3 (discussing evolving Washington Court of Appeals caselaw). However, several courts in this District have considered similar arguments around fraudulent joinder in the wake of *Keodalah* and concluded that Washington law does not bar common law bad faith insurance claims against individual adjustors. *See, e.g., Xu v. Weis*, 2023 WL 2142683, at *5 (providing an in-depth analysis of the *Keodalah* decision, Justice Yu's dissent, and the viability of common law bad faith claims against individual adjusters); *Hoglund*, 2023 WL 8528495, at *4; *Leonard v. First American Prop. & Cas. Ins. Co.*, No. 3:19-CV-06089, 2020 WL 634430, at *2 (W.D. Wash. Feb. 11, 2020); *Fiorito v. Bankers Standard Ins. Co.*, No. C19-1760, 2020 WL 4333779, at *3 (W.D. Wash. July 28, 2020). Similarly, this Court finds Judge Lin's analysis of *Keodalah* and its aftermath to be "thorough, well-reasoned, and highly persuasive," and joins other courts in this District in concluding that Washington law does not, at this time, bar common law bad faith insurance claims against employee adjusters. *Hoglund*, 2023 WL 8528495, at *4 (citing *Xu*, 2023 WL 2142683, at *5).

**b.) Sufficiency of Plaintiff's Complaint**

Progressive further argues that, even if Plaintiff *could* pursue a common law bad faith claim against an individual adjuster, her complaint only alleges statutory violations against Hansen. Dkt. # 15 at 7. Progressive points out that the complaint provides little detail as to the factual allegations against Hansen, and only alleges that Hansen's actions "are in violation of her duty of good faith under RCW 48.01.030 requiring that all actions be actuated by good faith…" Dkt. # 1-2 ¶ 4.8(b). This allegation, according to Progressive, is "explicitly based upon purported violations of RCW 48.30.010, not common law." Dkt. #15 at 13. Even though the cause of action against Hansen is listed under the heading, "Breach of Common Law Good Faith Duty," Progressive maintains that this language is insufficient to state a claim for common law bad faith against Defendant Hansen. Dkt. # 15 at 9. In her reply, Plaintiff concedes that her complaint is not a "model of clarity," Dkt. # 17 at 6, but argues that amendment of her complaint will

cure the deficiencies highlighted by Progressive, and for this reason, joinder of Hansen is not fraudulent. This Court agrees.

Rule 15 allows a party to amend its pleading with the opposing party's consent or leave of court, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In assessing the propriety of a motion to amend, the court must consider the following factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, were Plaintiff to seek leave to amend, it would likely be granted. This Court sees no sign of bad faith on the part of Plaintiff, and no undue delay would result from amendment. Progressive would suffer no prejudice, particularly given that Plaintiff has not previously amended the complaint. And as discussed earlier, Plaintiff's common law bad faith claim against Hansen is not futile. *See Nikfard v. State Farm Fire and Cas. Co.*, No. 3:19-cv-06001, 2020 WL 6492926, at *1 (W.D. Wash. July 6, 2020) (granting motion to amend complaint to join claims servicer, noting that the *Keodalah* decision did not address the viability of *common law* bad faith claims).

Indeed, other courts in this Circuit have rejected arguments for fraudulent joinder when the removing party was unable to show that plaintiff could not amend the pleadings and potentially recover from defendant. *See Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009); *see also Loid v. Comput. Sciences Corp.*, No. CV-12-5144, 2013 WL 808696, at *3 (E.D. Wash. Mar. 5, 2013) (finding that a "mechanistic approach" to fraudulent joinder claims is inappropriate, especially when "deficient pleadings can readily be cured."). Progressive has failed to show that Plaintiff's cause of action against Hansen is futile under Washington law, and that the deficiencies in her complaint cannot be cured. Because Progressive cannot meet this high burden, the case must be remanded. *See Burris v. AT & T Wireless, Inc.*, No. C 06-02904, 2006 WL 2038040, at *1 (N.D. Cal. July 19, 2006) ("The party asserting fraudulent joinder bears

ORDER- 7

the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.") (citing *Levine v. Allmerica Financial Live Ins. & Annuity Co.*, 41 F.Supp.2d 1077, 1078 (C.D. Cal. 1999)).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. Dkt. # 13. This case is hereby **REMANDED** to King County Superior Court.

DATED this 15th day of February, 2024.

*[signature]*

The Honorable Richard A. Jones
United States District Judge